IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEROME L. GRIMES | * |
| Plaintiff, | * |
| v. | * Civil Action No. PX-17-2417 |
| OFFICER ROBERT FARMER #2593 | * |
| MONTGOMERY COUNTY POLICE | |
| DEPARTMENT (*MCPD*) | * |
| Defendants. | * |

*****

MEMORANDUM

On August 21, 2017, a complaint and motion to proceed in forma pauperis were filed by Jerome L. Grimes. ECF Nos. 1 & 2. Grimes, who is self-represented, is a patient at the Springfield Hospital Center in Sykesville, Maryland.[1] As best as this court can determine, Grimes takes issue with his search, seizure and arrest in Montgomery County Maryland. He accuses the Montgomery County Police Department of supervisory liability for failing to properly train its officers. He contends that a Montgomery County police officer wrote a false police report, conducted a false arrest and illegal search and seizure, and invaded his privacy by the use of a "telephone tooth chip device." ECF No. 1, p. 1 & 3. In his "cause of action" statement, Grimes asserts that on June 1, 2016, Officer Robert Farmer illegally stopped and searched his vehicle, cited him for numerous traffic citations, falsified an incident report and had his automobile towed. He claims that he incurred expenses when trying to recover the vehicle and Farmer's actions had a direct effect on Grimes' on-line graduate school work. He seeks total damages in the amount of $251,000.00. *Id.*, pp. 2-5.

---

[1] The legality of Grimes' involuntary commitment is the subject of his habeas corpus petition in *Grimes v. Springfield Hospital Center*, Civil Action No. PX-17-2189 (D. Md.).

Review of the state court docket reveals there were eight Montgomery County traffic cases involving Grimes in 2016.[2] In addition, on February 26, 2017, a warrant was issued for Grimes on counts of arson/threat and making a false statement with regard to a destructive device. *See State v. Grimes*, Case No. 5D00368618 (District Court for Montgomery County). On May 11, 2017, the case was transferred to the Circuit Court for Montgomery County, where on July 12, 2017, a guilty plea was entered on one count of telephone misuse and Grimes was sentenced to a three-year imprisonment term, all suspended with 105 days credit for time served and one year supervised probation.[3] *See State v. Grimes*, Case Number 131689C; http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis.

Examination of the Public Access to Court Electronic Records ("PACER") reveals that Grimes has filed hundreds of cases in the federal courts. In *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436 (N.D. Cal.), United States District Court Judge Jeffrey S. White of the Northern District of California noted that "[o]n May 18, 2000, this Court informed [Grimes] that under the 'three-strikes' provisions of 28 U.S.C. § 1915(g) he generally is ineligible to proceed in forma pauperis in federal court with civil actions filed while he is incarcerated." (citing *Grimes v. Oakland Police Dep't*, Civil Action No. CW-00-1100 (N.D. Cal.)). Judge White further observed that "in 2003 alone [Grimes'] failure to pay the full filing fee and to state cognizable claims for relief had resulted in the dismissal of approximately thirty-six actions

---

[2] On June 1, 2016, Grimes was cited for the failure to display his license to uniform police on demand, driving without a required license and authorization, driving on a revoked out-of-state license, driving while license is suspended, driving on a suspended out-of-state license, failure to attach vehicle registration plates at front and rear, failure to display registration card upon demand by police, and driving without current registration plates and validation tabs. *See State v. Grimes*, Citation Nos. 16PODHH, 16QODHH, 16RODHH, 16SODHH, 16TODHH, 16VODHH, 26WODHH, & 16XODHH (District Court For Montgomery County). The cases were nolle prossed on July 24, 2017. *See* http://casesearch.courts.state.md.us/casesearch.

[3] That State conviction is the subject of a recent 28 U.S.C. § 2254 petition filed by Grimes in *Grimes v. State*, Civil Action No. PX-17-2401 (D. Md.).

under § 1915(g)." *Grimes v. Haney, et al.*, Civil Action No. JSW(PR)-15-436. at ECF No. 4. Similarly, in 2007, United States District Court Judge Claudia Wilken of the Northern District of California observed that "[t]he Court had routinely granted [Grimes]leave to amend to pay the full filing fee and to state cognizable claims for relief but he has habitually failed to do so. For example, in 2003 alone Plaintiff's failure to comply resulted in the dismissal of approximately thirty-six actions under § 1915(g)." *See Grimes v. Wan, et al,.* Civil Action No. CW (PR)-07-1726 (N.D. Cal.). In the Western District of Louisiana, the District Court noted that Grimes has "filed more than 350 complaints and appeals [, and] [t]hree or more of them have been dismissed as frivolous." *See Grimes v. Ms. Lewis, et al.,* Civil Action No. EEF-MLH-12-3159 (W.D. La.). This court takes judicial notice of these relevant and indisputable filings. *See Nolte v. Capital One Fin. Corp.,* 390 F.3d 311, 317 n. * (4th Cir. 2004).

Under 28 U.S.C. § 1915(e), a prisoner is prohibited from filing a civil action in forma pauperis if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Given Grimes' filing history in federal court, he is barred under § 1915(g) from filing prisoner complaints in forma pauperis unless he can aver that he is under imminent danger of serious physical injury. The instant complaint has been generously construed as a direct challenge to Grimes' 2016 Maryland traffic citations. He does not allege that he is under imminent danger of serious physical injury. The case as filed, therefore, will not proceed. Grimes is forewarned that should he attempt to file future civil rights actions in this court, they must be accompanied by the civil filing fee, unless the complaint establishes that Grimes is in imminent danger of serious physical harm.

Accordingly, Grimes' motion to proceed in forma pauperis shall be denied and his complaint shall be dismissed without prejudice by separate Order.

Date: September 20, 2017                             /S/
                                                                Paula Xinis
                                                                United States District Judge